UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Michael E. Puiia</u>

    v.                                    Civil No. 12-cv-243-PB

<u>State of New Hampshire</u>

### REPORT AND RECOMMENDATION

Michael E. Puiia's complaint (doc. no. 1), filed pro se and in forma pauperis, is before the court for preliminary review to determine, among other things, whether plaintiff has stated any claim upon which relief might be granted.  <u>See</u> 28 U.S.C. § 1915(e)(2); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).  Also pending before the court are three motions filed by Puiia: (1) "Motion for Temporary Restraining Order and Preliminary Injunction" (doc. no. 3), which has been referred to this magistrate judge for a recommendation as to disposition (doc. no. 4); (2) "Expedited Motion for Magistrate Findings" (doc. no. 6); and (3) "Emergency Motion to Expedite Service/Summons" (doc. no. 7).  For the reasons that follow, the court recommends that the complaint (doc. no. 1) be dismissed, and that the motion for preliminary injunctive relief (doc. no. 3) be denied.  For the same reasons,

the remaining motions seeking expedited non-dispositive rulings (doc. nos. 6 and 7) have been denied in a separate order issued on this date.

**Background**

In Puiia's complaint (doc. no. 1), he asserts that he has been involved in state court litigation with the mother of his two children, to whom he was never married, and with whom he has not been in a relationship since 2006, concerning a condominium the couple bought in 2004 in Stratham, New Hampshire.  Puiia states that since August 2006, until June 14, 2012, he continuously used the Stratham condominium as his residence and place of business.  During the state court proceedings, the superior court apparently denied Puiia the relief he sought, as he filed an appeal in the New Hampshire Supreme Court ("NHSC").  After the NHSC accepted his appeal, Puiia alleges that the superior court directed a commissioner to sell the property, directed him to vacate the property by June 14, 2012, and authorized the forcible removal of Puiia from the property.

Puiia moved in the NHSC to stay the superior court's eviction and sale order pending the outcome of the appeal.  On May 2, 2012, a single NHSC justice denied Puiia's motion to

stay, and on June 7, 2012, three justices denied his motion to reconsider. The eviction proceeded, forcing Puiia to put his belongings into storage and to become homeless.

While his appeal remains pending in the NHSC, Puiia has filed a complaint (doc. no. 1) in this court, alleging that the defendant has violated his Fourteenth Amendment due process rights as follows:

> 1. Puiia's Fourteenth Amendment right to due process was violated by the enforcement of N.H. Rev. Stat. Ann. ("RSA") § 547-C:25, which allows the sale of property that is the subject of ongoing litigation prior to final resolution of the litigation. Puiia states that as a result of the enforcement of RSA § 547-C:25, he has been unconstitutionally forced to vacate his residence and place of business.
>
> 2. Puiia's Fourteenth Amendment right to due process was violated by the trial court's denial of discovery Puiia requested to prepare for a de novo jury trial in the underlying state court action.
>
> 3. Puiia's Fourteenth Amendment right to due process was violated when the NHSC refused to stay the superior court mandate allowing the sale of his property pending Puiia's appeal in the NHSC.

In his complaint, Puiia asks this court to issue an order: (1) enjoining the enforcement of court orders under RSA § 547-C:25, including orders authorizing the sale of the property and directing Puiia to vacate the property; (2) directing the trial court to hold a new hearing; and (3) directing the trial court to allow Puiia previously denied discovery.

Discussion

I.  Preliminary Review

   A.  Standard

The magistrate judge conducts a preliminary review of complaints filed pro se and in forma pauperis. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1)(B). The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the district judge that one or more claims be dismissed if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1)(B).

In determining whether such a complaint states a claim, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S.

544, 570 (2007)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010).

B. Younger Abstention

The doctrine of Younger v. Harris, 401 U.S. 37 (1971), creates an exception to the general rule that "federal courts must exercise their jurisdiction and decide cases brought before them." Mass. Delivery Ass'n v. Coakley, 671 F.3d 33, 40 (1st Cir. 2012). The Younger doctrine generally requires a federal court to abstain from hearing a case "'when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge.'" Mass. Delivery, 671 F.3d at 40 (quoting Rossi v. Gemma, 489 F.3d 26, 34-35 (1st Cir. 2007)). "In the absence of extraordinary circumstances, interests of comity and the respect for state processes demand that federal courts should abstain from interfering with ongoing state judicial proceedings." Esso Standard Oil Co. v. López-Feytes, 522 F.3d 136, 143 (1st Cir. 2008); see also Younger, 401 U.S. at 53-54. The court evaluates the three Younger factors in turn, in the context of this case.

1.   Ongoing State Judicial Process

In deciding whether to abstain in a particular case, the court first considers whether failing to abstain would interfere with ongoing state judicial proceedings.  <u>Younger</u> applies only in two types of civil judicial proceedings: "(1) enforcement actions to which a state is a party, and (2) civil actions involving 'administration of a State's judicial system,' such as a court's contempt proceedings, and the ability to enforce a valid state-court judgment."  <u>Mass. Delivery</u>, 671 F.3d at 41 (quoting <u>Juidice v. Vail</u>, 430 U.S. 327, 335 (1977)) (internal citations omitted).  <u>Younger</u> applies where the "fundamental workings of the state's judicial system (like its . . . method of enforcing judgments) [is] put at risk by the relief asked of the federal court."  <u>Rio Grande</u>, 397 F.3d at 70 (citing <u>Pennzoil</u>, 481 U.S. at 13, and <u>Juidice</u>, 430 U.S. at 335).

Puiia challenges the superior court's ability to order the sale of the property pending his appeal, because he claims the statute the court relied on to do so, RSA § 547-C:25, is unconstitutional.  That statute is part of a chapter of state laws implicating the state court's broad equitable authority to partition real estate and to issue orders effecting the sale or

6

partition of real estate.  See RSA Ch. 547-C (partition of real estate); see also RSA § 547-C:30 ("Proceedings under this chapter shall be remedial in nature.  The provisions of this chapter are to be liberally construed in favor of the exercise of broad equitable jurisdiction by the court in any proceeding pending before it.").  RSA § 547-C:25 specifically provides for a sale of real estate, as follows:

> When the proceedings are pending, if it is alleged in the petition that the property is so situated or is of such a nature that it cannot be divided so as to give each owner his or her share or interest without great prejudice or inconvenience and the court so finds, the court may order it to be sold and the proceeds from the sale to be divided among the owners according to their respective rights, titles, or interests, and may make all other orders that may be necessary to cause such sale and the distribution of the proceeds, as a court of equity may do in like cases.

RSA § 547-C:25.

Here, the underlying state court action remains pending on appeal and the complaint filed in this case requests relief that would interfere with the "administration of [the] State's judicial system."  See Mass. Delivery, 671 F.3d at 41 (internal quotations and citation omitted).  Specifically, Puiia requests a federal court order enjoining the enforcement of orders issued in pending property partition proceedings, designed to effect the court-ordered sale and division of real estate.  In this

7

respect, the case resembles Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 13-14 (1987), where the relief requested was a federal court injunction relieving an appellant of the duty, imposed by state law, of posting an appeal bond in state court.  In Pennzoil, the court found that the requirement that the losing party pay a substantial judgment before appeal, or post a bond of at least equal value, was the "'sort of coercive context'" that, in conjunction with the "'importance to the States of enforcing the orders and judgments of their courts,'" implicates Younger considerations. Rio Grande Cmty. Health Ctr., Inc. v. Rullan, 397 F.3d 56, 69 n.9 (1st Cir. 2005) (citing Pennzoil, 481 U.S. at 13).  Because the relief sought here places the " "fundamental workings of the state's judicial system . . . at risk by the relief asked of the federal court." Rio Grande, 397 F.3d at 70 (citing Pennzoil, 481 U.S. at 13, and Juidice, 430 U.S. at 335), the court finds that this action satisfies the first Younger factor.

    2.   Important State Interests

The second prong of Younger requires that the relevant state-court proceedings "'implicate important state interests.'" Mass. Delivery, 671 F.3d at 41 (quoting Middlesex Cnty. Ethics

Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)). Where, as here, the underlying state court action vindicates interests of private litigants, Younger abstention may be appropriate, "'in aid of the authority of the judicial system, so that its orders and judgments are not rendered nugatory.'" Rossi, 489 F.3d 26, 36 (quoting Pennzoil, 481 U.S. at 13). Here, Puiia lost a property dispute in the superior court, and the court enforced its ruling by issuing a mandate authorizing the sale of the property and directing that Puiia vacate the property pending appeal.  In Pennzoil, where, pending appeal, the trial court directed the losing party to pay a judgment or post a substantial bond prior to the resolution of the appeal, the Court, in finding Younger abstention to be appropriate, stated that "it was the 'importance to the States of enforcing the orders and judgments of their courts' that was sufficient to bring Younger considerations into play." Rio Grande, 397 F.3d at 69 n.9 (quoting Pennzoil, 481 U.S. at 13).  Granting Puiia relief here would impair the state court's interest in maintaining the authority and ability to enforce its own rulings.  Accordingly, the second prong of Younger abstention is satisfied in this matter.

### 3. Opportunity to Raise Federal Question

Finally, the court considers whether the underlying judicial proceeding "provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge." Mass. Delivery, 671 F.3d at 40 (quoting Rossi, 489 F.3d at 35). "For Younger purposes, all that matters is that the state proceeding give an opportunity to make a constitutional argument." Rossi, 489 F.3d at 35 n.17 (citing Duty Free Shop, Inc. v. Administracion de Terrenos, 889 F.2d 1181, 1183 (1st Cir. 1989)). Here, Puiia has had access to state trial and appellate proceedings where he has been free to raise his constitutional claims, and it appears that he has raised the same federal constitutional questions in the state courts. While Puiia objects here to the adverse results he received in the state courts, he has not asserted facts demonstrating that he was denied the ability to litigate the constitutional issues presented here in the state proceedings. Accordingly, the circumstances of this case satisfy the third and final prong of Younger abstention.

4.   Abstention and Dismissal

All three prongs of Younger abstention are satisfied here. Puiia has not alleged any "extraordinary circumstances" to except this matter from the abstention required by Younger. Accordingly, in the interest of comity, the court must abstain from considering this action, see Younger, 401 U.S. at 53-54, and the case should be dismissed.  See Rossi, 489 F.3d at 37 (claims for injunctive relief properly dismissed where Younger abstention applies).

II.   Motion for Expedited Injunctive Relief (doc. no. 3)

Because, as explained above, the Younger abstention doctrine applies in this case, abstention is mandatory.  See Rio Grande, 397 F.3d at 68.  This court may not issue any ruling on the merits until the state court proceeding is concluded, and may not issue the requested injunction enjoining the state court orders at issue.   Therefore, the motion for a temporary restraining order (doc. no. 3) should be denied.

**Conclusion**

For the foregoing reasons, the court recommends that this matter be dismissed, and that the motion for a temporary

restraining order (doc. no. 3) be denied.  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

July 18, 2012

cc:  Michael E. Puiia, pro se

LBM:jba